# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE M. PARKER, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 04-1206-MLB |
| ) | |
| LIFE CARE CENTERS OF AMERICA, ) | |
| INC., d/b/a/ Andover Health ) | |
| Care Center, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case comes before the court on Life Care's motion for leave to file a motion to exclude plaintiff's damages expert. (Doc. 83). The motion has been fully briefed and is ripe for decision. (Docs. 84, 85, 86). Life Care's motion is denied for the reasons herein.

The trial in this case is set for March 13. The trial date was set on October 25, 2006. The pretrial order was filed on November 10, 2005. Defendant, knowing the date of the trial and having been provided with the expert's report, waited until 26 days before trial to seek to exclude plaintiff's only damages expert. The pretrial order states that any non-dispositive motions to exclude expert testimony must be filed at least 28 days before trial. (Doc. 68 at 23).

Defendant's motion for leave to file the motion to exclude the expert testimony of Jeffrey J. Quirin is denied.[1]

---

[1] Defendant alternatively seeks the court to consider its motion as a motion in limine. However, the pretrial order clearly states that motions in limine do not include motions seeking to challenge the testimony of an expert witness. (Doc. 68 at 23). Defendant is free

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this   27th   day of February 2007, at Wichita, Kansas.

                                     s/ Monti Belot
                                     Monti L. Belot
                                     UNITED STATES DISTRICT JUDGE

---

to challenge the testimony of the expert during trial.